Schneiderman v Costa (2019 NY Slip Op 03643)





Schneiderman v Costa


2019 NY Slip Op 03643


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-10382
2018-05385
 (Index No. 682/12)

[*1]Eric T. Schneiderman, Attorney General of the State of New York, respondent, 
v
Stephen M. Costa, et al., defendants, Ira Gross, appellant.


Garfunkel Wild, P.C., Great Neck, NY (John G. Martin of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and James F. Gibbons of counsel), for respondent.



DECISION & ORDER
In a civil forfeiture action pursuant to CPLR article 13-A, the defendant Ira Gross appeals from (1) an order of the Supreme Court, Suffolk County (John B. Collins, J.), dated August 21, 2017, and (2) an order of the same court dated December 22, 2017. The order dated August 21, 2017, denied that defendant's motion pursuant to CPLR 1312(4) to release restrained funds to pay for attorneys' fees and expenses in a related criminal action and in this action. The order dated December 22, 2017, insofar as appealed from, upon renewal, adhered to the determination in the order dated August 21, 2017.
ORDERED that the appeal from the order dated August 21, 2017, is dismissed, as that order was superseded by the order dated December 22, 2017, made upon renewal; and it is further,
ORDERED that the order dated December 22, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this civil forfeiture action pursuant to CPLR article 13-A, inter alia, to recover funds allegedly unlawfully obtained by the defendant Ira Gross (hereinafter the defendant) as part of a scheme to divert prescription medications. On January 31, 2012, the Supreme Court issued an ex parte order of attachment against the defendants' property up to the sum of $155,344,818 and a temporary restraining order restraining the defendants from transferring any property.
In a separate criminal action, the defendant was charged with grand larceny in the first degree, attempted grand larceny in the first degree, criminal diversion of prescription medications [*2]and prescriptions in the first degree, attempted criminal diversion of prescription medications and prescriptions in the first degree, conspiracy in the fourth degree, three counts of money laundering in the first degree, money laundering in the second degree, and commercial bribery in the first degree. The defendant was convicted, upon a jury verdict, of all the charges against him, and he was directed to pay restitution to Medicaid in the sum of $25,230,538. On appeal, this Court vacated the defendant's convictions of grand larceny in the first degree, attempted grand larceny in the first degree, criminal diversion of prescription medications and prescriptions in the first degree, attempted criminal diversion of prescription medications and prescriptions in the first degree, conspiracy in the fourth degree, and three counts of money laundering in the first degree, and dismissed those counts of the indictment insofar as asserted against the defendant (see People v Gross, 169 AD3d 159).
While the defendant's criminal appeal was pending, he moved in this civil forfeiture action pursuant to CPLR 1312(4) to release restrained funds to pay for attorney's fees and expenses in the criminal action and in this action. The Supreme Court denied his motion. The defendant then moved, inter alia, for leave to renew his prior motion. The court granted renewal and, upon renewal, adhered to its prior determination. The defendant appeals.
CPLR 1312(4) provides, in relevant part, that "[u]pon motion of any party against whom a provisional remedy granted pursuant to this article is in effect, the court may issue an order modifying or vacating such provisional remedy if necessary to permit the moving party to obtain . . . bona fide attorneys' fees and expenses for the representation of the defendant in the forfeiture proceeding or in a related criminal matter thereto" (emphasis added).
Since the commencement of this civil forfeiture action, the Supreme Court has authorized the release of $1,597,252 of restrained funds, the majority of which were used to pay the defendant's attorney's fees, including $626,000 paid to trial counsel in the criminal action. The most recent order authorizing the release of restrained funds, dated February 17, 2017, released $75,000 to be used for attorney's fees in this civil forfeiture action and for the defendant's appeal in the criminal action.
Contrary to the defendant's contention, the record does not reflect that the Supreme Court improvidently exercised its discretion in denying the defendant's motion for an additional release of restrained funds to pay for attorney's fees in the criminal action and in this action. Accordingly, we find no basis to disturb the court's determination, upon renewal, to adhere to its prior determination (cf. Harold J. Rosen Trust v Rosen, 53 AD2d 342, 366, affd 43 NY2d 693).
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court